AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| United States of America | ) |
| v. | ) |
| DAVID PAUL ASH | ) Case No. 2:14mj204-CSC |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 5, 2014,__ in the county of __Autauga__ in the __Middle__ District of __Alabama__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Neil Thompson, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __12/08/2014__

_____
Judge's signature

City and state: __Montgomery, AL__    CHARLES S. COODY, U.S. MAGISTRATE JUDGE
Printed name and title

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Neill Thompson, having appeared before the undersigned United States Magistrate, and having been duly sworn, deposes and states:

I am a Special Agent with the Drug Enforcement Administration assigned to the Montgomery, Alabama Resident Office (RO). I have been a DEA Agent since June 1998. Prior to June 1998, I was a police officer with the Tuscaloosa Police Department for a period of approximately twelve years, with over four of those years as a narcotics detective.

On November 25, 2014 I interviewed a reliable confidential source (CS) regarding the drug trafficking activities of David Paul ASH. The CS has provided other agents and I with information which has proven to be true, correct, and reliable, and which has been further corroborated. The CS is cooperating for monetary purposes and his/her criminal history includes convictions for Attempted Larceny of Property in 1997, Driving under the Influence in 1997, Criminal Mischief in 1998, Receiving Stolen Property in 2002, and Third Degree Robbery in 2004.

The CS said that ASH lives in Stockton, Missouri and has a source of supply for pound quantities of methamphetamine in or around Dallas, Texas. The CS said that he/she was incarcerated in prison in Alabama with ASH. The CS said that after his/her release, ASH began contacting him/her, stating that he would bring methamphetamine to the CS, in Alabama, for $12,000.00 per pound. The CS said that ASH wanted to bring the CS about three pounds of methamphetamine to let the CS distribute, with the promise that ASH would be able to supply the CS with larger quantities of methamphetamine, on a regular basis. The CS represented to ASH that he/she knew a methamphetamine distributor that had the necessary money to purchase several pounds of methamphetamine. The CS did this in anticipation of cooperating with law enforcement to facilitate ASH's arrest and the seizure of methamphetamine. The CS said that ASH was using a cellular telephone assigned number 417-770-2588. The CS said that ASH has a Hispanic girlfriend or wife that was previously married to a large scale methamphetamine distributor.

The CS showed me "text messages" on his/her telephone that originated from the TARGET TELEPHONE. One "text message" received on November 15, 2014 stated "I'm getting the oil changed and everything together now. This is a dependable vehicle because I have been taking care of it for the most part myself. So call me back and let me know what you wanna do so I know which direction to go". The CS said that ASH was referring to going to Texas to obtain methamphetamine, and he wanted the CS to tell him how much methamphetamine he wanted.

I also directed the CS to place a recorded telephone call to ASH. The CS called ASH at the TARGET TELEPHONE at approximately 1:35 PM on November 25, 2014. The CS told

ASH "I called and talked to dude. He said he wants to see it and make sure it's good". When the CS said "the dude", he/she was referring to the person who the CS was representing had the money to purchase the methamphetamine. The CS was telling ASH that he/she wanted to make sure that the methamphetamine was of good quality. ASH went on to say that the methamphetamine was "coming from the AB". The CS said that ASH was referring to the methamphetamine coming from the "Aryan Brotherhood", and that it would be good quality. The CS asked ASH if he wanted to "meet this dude", referring to the person buying the methamphetamine, and ASH said "I don't want to meet nobody". The CS told ASH "I'm going to have to take one of them over there to let him see it". ASH replied "that's fine". The CS was telling ASH that he/she was going to have to take one pound of methamphetamine as a sample to the person that was buying it. The CS and ASH talked about ASH driving down to Alabama with the methamphetamine. The CS told ASH "do like you're supposed to do. Don't do shit while you're on the way". The CS was referring to ASH obeying traffic rules and not using methamphetamine or other drugs while he was driving. ASH replied "I don't swerve. I've made up my mind. If anything goes bad, I'm going down forever. I'm never getting out…either that or I'm going to die right there". ASH was referring to his previous criminal history, and the amount of methamphetamine that he would be caught with. ASH was saying that if caught, he would be in jail for the rest of his life. Also that it would be a possibility that he would die.

On November 25, 2014, I caused an Administrative subpoena to be issued to AT&T Wireless Communications, requesting that they provide the current subscriber of the TARGET CELLPHONE. The subpoena also requested that AT&T Wireless provide all records of incoming and outgoing calls to and from the telephone for the past thirty days (October 26, 2014 through November 24, 2014). AT&T Wireless responded with the requested information. The current billed subscriber for the TARGET CELLPHONE is listed as Elizabeth ASH, and the address provide is 17330 Preston Road, Dallas, Texas. I also checked an internet database of telephone area codes and found that the area code and prefix for the TARGET TELEPHONE is consistent with Bolivar, Missouri, which is about 24 miles from Stockton, Missouri. Through my experience as a Special Agent, I know that it is common for drug distributors to obtain cellular telephones in fictitious names, or for other people who may be their cohorts in a distribution ring.

On December 3, 2014, United States Magistrate Judge Susan Russ Walker issued an order authorizing AT&T Wireless to provide location data concerning the TARGET TELEPHONE. The order was served on AT&T Wireless on December 4, 2014.

On December 4, 2014, ASH advised the CS that he was coming to Enterprise and was bringing the three pounds of methamphetamine. ASH stated that he would be in Enterprise on Saturday, December 6, 2014. ASH told the CS that he was going to rent a car, at Avis car rental, to use for the trip.

On December 5, 2014, agents began receiving information from AT&T Wireless regarding the location of the target telephone. This location information, commonly referred to as "pings", indicated that the TARGET TELEPHONE was traveling south on Interstate 55 in Missouri. This route would be consistent with someone traveling from Missouri. The "pings" were reporting approximately every fifteen minutes.

At approximately 2:40 PM, the information indicated that ASH was stopped at a restaurant in Cape Girardeau, Missouri. An agent called an acquaintance who lives in Cape Girardeau, who happened to be near the restaurant. The person positively identified ASH, and said that he was getting into a maroon Kia Optima. The person provided the tag number. Agents checked the registration and found that the car was a rental car, registered to Avis car rental in Springfield, Missouri.

Agents continued to monitor the location information from the TARGET TELEPHONE, and at approximately 3:00 AM the information indicated that the TARGET TELEPHONE was in Centerville, Alabama. The information indicated that the TARGET TELEPHONE was headed towards Prattville, Alabama, via U.S. Highway 82. Agents and Troopers established surveillance around the Citgo gas station on U.S. Highway 82, just west of Prattville.

At approximately 4:30 AM, agents observed the Kia Optima pull into the gas station. Agents positively identified ASH as the passenger. The Optima was being driven by a white female, later identified as Elizabeth DYE. ASH and DYE went into the store and when ASH came out of the store, agents and Troopers approached him and secured him. DYE was also secured in the store. I advised ASH of his rights, Miranda warnings. ASH stated that he understood his rights. I asked ASH if there was any drugs or weapons in the car, and if he would allow agents to search. ASH did not respond. Agents and Troopers began a search of the vehicle. Approximately three minutes later, ASH told me that he consented to a search.

The search began and agents found and seized several hypodermic needles, packaging material, and a set of digital scales. Agents continued to search and found, concealed in the trim of the trunk lid, a plastic bag which contained approximately one pound of suspected methamphetamine. The bag was attached to the top of the trunk lid with a magnet.

ASH was placed under arrest. ASH stated that the methamphetamine came from some "Mexicans" and he was supposed to take it back to them. ASH stated that the methamphetamine was not "real". ASH stated that DYE did not know anything about the methamphetamine. I asked ASH why he went to great lengths to hide the methamphetamine. He stated that since he was on probation, he didn't want to take any chances.

I performed a field test on a sample of the suspected methamphetamine. The test was positive for methamphetamine.

Based on my experience and training , it is my belief that probable cause exists to arrest David Paul ASH for violations of Title 21, United States Code, Section 841 (a)(1), Possession with Intent to Distribute Methamphetamine.

Further your Affiant sayeth not. I swear under penalty of perjury that the forgoing is true.

SPECIAL AGENT NEILL THOMPSON
DRUG ENFORCEMENT ADMINISTRATION

Subscribed and sworn to before me this __8__ day of December 2014.

_____
UNITED STATES MAGISTRATE JUDGE
MONTGOMERY, ALABAMA